IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLEE DIVISION

UNITED STATES OF AMERICA,

vs.                                             Case Nos.:   1:03cr30/MW/GRJ
                                                                                     1:16cv231/MW/GRJ

DAVID MICHAEL SCHOTT

_____

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (ECF No. 57.) The Government has filed a response (ECF No. 64) and Petitioner has filed a reply. (ECF No. 65.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After review of the record, the Court concludes that Petitioner's motion should be denied without an evidentiary hearing.

## BACKGROUND and ANALYSIS

On May 27, 2003, Petitioner, David Michael Schott, was charged in this court with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) ("Count One") and using and carrying a firearm during and in relation to

a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Two"). (ECF No. 1.) The offense conduct, which will be described in greater detail below, took place the previous day. Schott was not arraigned until December 2, 2003 because he was in custody in Georgia on other federal bank robbery charges. (ECF Nos. 2, 4.) On February 4, 2004, Schott pleaded guilty to Count Two pursuant to a written plea agreement. (ECF Nos. 14, 15.)

Under U.S.S.G. § 2K2.4, Schott's guidelines range was 25 years imprisonment. (ECF No. 69, PSR ¶¶ 76-77.) The court sentenced him in accordance with this range, with the term of imprisonment to run consecutive to the 84-month sentence imposed in Northern District of Georgia Case Number 1:03cr244. (ECF No. 28.) The Eleventh Circuit affirmed on December 20, 2004, finding that there were no arguable issues of merit. (ECF No. 46.) On August 25, 2005, Schott was convicted of armed bank robbery in the Middle District of Florida and sentenced to a term of 77 months imprisonment to run concurrent to the sentences in this and the Northern District of Georgia cases. (*See* ECF No. 64.)

Nothing further was filed in this case until Schott filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and a request for appointment of counsel in June of 2016.[1] (ECF Nos. 47, 48.) The court granted his request for appointment of counsel and thereafter he filed an amended § 2255 motion contending that he is entitled to sentencing relief in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), finding that the provision was unconstitutionally vague. Schott seeks to extend the holding in *Johnson* to 18 U.S.C. § 924(c). He claims that he is actually innocent of the offense of knowingly using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). First, he asserts

---

[1] The Government notes in its response that on June 27, 2016, Schott filed a pro se § 2255 motion with an accompanying request to appoint counsel (N.D. Ga Case No. 1:03cr244 ECF Nos. 36-37) attacking his § 924(c) conviction based on *Johnson* that was identical to the pro se motion he filed in this case. On March 28, 2017, without appointing counsel or requiring a Government response, U.S. District Judge Willis B. Hunt Jr. denied both of Schott's motions, finding that "[n]o part of the ACCA, however, was used in determining Defendant's sentence and it is without question that armed bank robbery qualifies as a crime of violence under § 924(c)(1)(A). As a result, it is clear that Defendant has no claim under *Johnson*." (ECF No. 64 at 5-6, citing N.D. Ga. Case 1:03cr244, ECF No. 39.)

Case Nos.: 1:03cr30/MW/GRJ; 1:16cv231/MW/GRJ

that § 924(c)(B), the residual clause of this statute, is materially identical to the ACCA's residual clause and therefore it is also unconstitutionally void for vagueness.   Second, acknowledging the existence of contrary precedent, he claims that the offense of armed bank robbery in violation of § 2113(d) does not qualify as a "crime of violence" under § 924(c)(3)(A), the force clause, because it does not have as an element the use, attempted use, or threatened use of violence.

The Government argues that Schott's claim is procedurally barred, and that even if it is not, it is without merit because armed bank robbery qualifies as a crime of violence under § 924(c)'s "force clause" and the "residual clause" has no bearing on this case.

Title 18 U.S.C. § 924(c)(3) defines a "crime of violence" as an offense that is a felony and

> (A)  Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B)  That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).   Subsection (A) is the "force" or "elements" clause and subsection (B) is the residual clause of § 924(c).   *See, In re Sams*, 830 F. 3d 1234, 1237 (11th Cir. 2016).

Schott was charged under 18 U.S.C. § 2113(a) and (d).   Subsection (a) offers two means of violating the statute, one of which involves force and violence, or intimidation, or extortion, and the other does not.   Subsection (d) provides for an increased penalty for anyone who assaults or puts in jeopardy the life of any person by the use of a dangerous weapon or device in committing or attempting to commit an offense described in subsection (a).   The indictment plainly states that the offense conduct in this case involved "force, violence and intimidation."   (ECF No. 1.)

Schott now maintains that armed bank robbery is not a crime of violence under the "force" clause and that circuit precedent to the contrary is erroneous.   *See In re Hires*, 824 F. 3d 1334 (11th Cir. 2016) and *In re Sams*, 830 F. 3d 1234 (11th Cir. 2016).   In *Hires*, the court held that a defendant who had been charged with violating 18 U.S.C. § 2113(a) and (d), in a case where the indictment alleged that the bank robbery had occurred "by force, violence and intimidation" and who "did assault and put

in jeopardy the life of [two individuals] by use of a dangerous weapon" met § 924(c)(3)(A)'s force requirement.   *Hines*, 824 F. 3d at 1337.

*Sams,* in partial reliance on *Hines,* held that an unarmed bank robbery by force and violence or by intimidation qualified as a crime of violence under § 924(c)(3)(A).   *Sams*, 830 F. 3d at 1239.   Both *Hires* and *Sams* were decided in the context of a defendant seeking leave to file a second or successive motion to vacate, a practice that was later criticized.  *See In re Williams*, 898 F.3d 1098, 1109 (11th Cir. 2018) (Martin, J., concurring).   However, they remain binding on this court.   And even if, as Schott contends, *Hines* was wrongly decided and the underlying conduct was not a crime of violence under § 924(c)(3)(A), he is not entitled to relief because it qualifies as a crime of violence under § 924(c)(3)(B).

The Eleventh Circuit held earlier this month that "whether a predicate offense is a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3)(B) should be determined using a conduct-based approach that accounts for the actual, real-world facts of the crime's commission, rather than a categorical approach."   *Ovalles v. United States*, Case No. 17-10172, 2018 WL 4830079 at *18 (11th Cir. Oct. 4, 2018) (overruling *United*

*States v. McGuire*, 706 F.3d 1333 (11th Cir. 2013)). The court also held that "[a]s interpreted to embody a conduct-based approach, § 924(c)(3)(B) is not unconstitutionally vague." *Id.*

The offense conduct in this case was described in the Statement of Facts as follows:

> On March 26, 2003, DAVID MICHAEL SCHOTT entered the 1st Credit Union of Gainesville, a federally insured credit union, carrying a black duffel bag. SCHOTT pulled a shotgun from the black bag and demanded money from the teller. While brandishing the shotgun, SCHOTT threatened that he would shoot anyone who did not cooperate. SCHOTT also stated that he was a wanted man and had nothing to lose. SCHOTT ordered three credit union employees at gunpoint to open the vault, where he took more money. During the course of the robbery, two customers entered the bank and SCHOTT forced them behind the counter at gunpoint. DAVID MICHAEL SCHOTT took $87,565.50 in United States currency, obtained both from the teller drawers and the vault. SCHOTT then forced the employees and customers into the vault and gunpoint and threatened to shoot them if they left the vault or it he saw police. DAVID MICHAEL SCHOTT took the branch manager's car keys at gunpoint and fled in her vehicle.

(ECF No. 15 at 1-2.)

As explained in *Ovalles*, to sustain a § 924(c)(3)(B) conviction, the Government must prove, or Schott must have plead to, four distinct elements: (1) that Schott actually committed the underlying federal

offense—here, bank robbery; (2) that the federal offense constitutes a "crime of violence" within the meaning of § 924(c)(3); (3) that Schott knowingly used, carried, or possessed a firearm; and (4) that any use or carriage of the firearm occurred during and in relation to, or that any possession of the firearm was in furtherance of, the bank robbery. *Ovalles*, 2018 WL 4830079 at *17. As to the second prong, the question is whether the bank robbery, as it actually occurred, "involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* As was the case in *Ovalles*, the answer to this question based on the statement of facts set forth above is easy: of course it did. *Id.*

## Conclusion

Schott is not entitled to sentencing relief because armed bank robbery qualifies as a crime of violence under either § 924(c)(3)(A) or (B). Therefore, his motion should be denied and dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of

Page **9** of **10**

appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Petitioner Schott's Amended Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 57) should be **DENIED**.

2.   A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 31st day of October, 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.